UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MAJOR EUGENE REED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:06-CV-75 CAS |
| ) | |
| CENTRAL TRANSPORT, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on motions to dismiss for insufficiency of service of process filed by defendants Central Transport International, Inc. ("Central Transport") and JWA, Inc. ("JWA"). The Court will grant defendants' motion and direct the clerk to direct the marshal to issue alias summonses.

**I.  BACKGROUND**

On June 1, 2006, plaintiff Major Eugene Reed filed a pro se complaint under Title VII of the Civil Rights Act of 1964. In his complaint, plaintiff named "Central Transport JWA, Inc. (Bill Blaess) as the defendants. On July 10, 2006, a summons was issued to JWA at 1340 141 Street, Hammond, Indiana 46320. On July 28, 2006, plaintiff's apparent process server handed the summons for JWA, along with a copy of the complaint, to Central Transport's City Manager at Central Transport's Hammond, Indiana terminal.

JWA and Central Transport now move to contest service of process, submitting affidavits in support. They argue Central Transport and JWA are not the same company, nor are they related in any way. JWA also notes that it is not located at 1340 141 Street, Hammond, Indiana 46320, nor is it where JWA's officer or agent for service of process is located. JWA argues that although the Court docket indicates that summons was returned on July 28, 2006, JWA's summons was not

returned on July 28, 2006. Central Transport likewise argues no summons has been returned on it. Both defendants refuse to waive service.

Plaintiff responded, requesting another summons be issued, and listing the proper agent to accept service of process for Central Transport was CT Corporation and/or Willard Lindley, Central Transport's Corporate Counsel. Plaintiff did not provide an address.

## II. DISCUSSION

As an initial matter, it was unnecessary for defendants' counsel to make a "special appearance" to raise their clients' jurisdictional and procedural objections. Federal Rule of Civil Procedure 12 abolished the distinction between general and special appearances when the Federal Rules were adopted in 1938. See Fed. R. Civ. P. 12; see also Republic Int'l Corp. v. Amco Engineers, Inc., 516 F.2d 161, 165 (9th Cir.1975) ("Special appearances to challenge jurisdiction are no longer required in federal courts."); Davenport v. Ralph N. Peters & Co., 386 F.2d 199, 204 (4th Cir.1967) ("[S]ince the advent of Rule 12(b), Fed.R.Civ.P., the distinction between general and special appearances in federal practice has been abolished."); 5B Wright and Miller, Federal Practice and Procedure 3d, § 1344 ("[T]echnical distinctions between general and special appearances have been abolished and . . . no end is accomplished by retaining the terms in federal practice.").

Rule 12(b)(5) authorizes a motion to dismiss on grounds of insufficiency of service of process. A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint, e.g., the absence of an agency relationship between the recipient of process and the defendant. Id. The burden of proof lies with the party raising a challenge to the sufficiency of service of process, here the defendants. 2 Moore's Federal Practice § 12.33[1] (3d. ed. 1997); Bally Export Corp. v. Ballicar, Ltd., 804 F.2d 398, 404 (7th Cir. 1986). Pursuant to Federal Rule of Civil Procedure 4, when no waiver of service has been obtained or filed, service upon a corporation may be properly effectuated by one of two ways: (1) by following the procedures

prescribed for individuals under Federal Rule of Civil Procedure 4 (e) (1), or (2) by "delivering a copy of the summons and [ ] complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4 (h) (1).

Here JWA and Central Transport refuse to waive service. Rule 4(e) provides that service may be effected in any judicial district of the United States, pursuant to the laws of the state in which service is effected. Pursuant to § 506.510.1 of the Missouri Revised Statutes, service of process may be made upon a corporation "by serving the process upon a managing officer or any person or corporation who shall be designated as a registered agent by such corporation in any of the several states." Missouri law parallels the service of process procedure permitted under the second method which permits corporations to be served by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other authorized agent. Fed. R. Civ. P. 4 (h)(1). Here the affidavits provided by defendants demonstrate plaintiff did not properly serve either JWA or Central Transport. For both corporations, plaintiff did not deliver a copy of the summons and complaint to an officer, a managing or general agent, registered agent, or any other agent authorized by appointment or by law to receive service of process as required under either the first or second methods.

As to JWA, plaintiff dropped off the summons and complaint addressed to JWA with Carl Calvino, Central Transport's City manager in Hammond, Indiana. Serving Calvino does not constitute effective service of process on JWA because neither Calvino nor his employer, Central Transport, is an officer, managing agent, general agent, registered agent, or other authorized agent of JWA for service of process. Therefore, JWA never received the summons and complaint that was issued to it and plaintiff failed to serve JWA with process. At this time there is insufficient information as to defendant JWA, Inc. to effectuate service of process. Plaintiff is directed to amend his complaint to clarify whether JWA, Inc. is the correctly named defendant and to provide a proper

address for service of process on this defendant. Failure to do so will result in the dismissal of defendant JWA, Inc..

Nor has Central Transport been properly served with any summons or complaint. Plaintiff's delivery of JWA's summons to Calvino at Central Transport's Indiana terminal is not service upon Central Transport. Assuming arguendo, that JWA's summons were deemed to be Central Transport's summons, plaintiff did not deliver the summons and complaint to Central Transport's officer, managing or general agent, registered agent, or any other agent authorized by appointment or by law for service. Therefore, plaintiff has not provided Central Transport with service of process.

Dismissal is not invariably required where service is ineffective; under such circumstances, the district court has discretion to either dismiss the action or quash service and retain the case. Haley v. Simmons, 529 F.2d 78, 78 (8th Cir. 1976) (per curiam); C & L Farms, Inc. v. Federal Crop Ins. Corp., 771 F.2d 407, 408-09 (8th Cir. 1985) (per curiam) (defected service on U.S. by mail wrongly addressed). The Court in its discretion will quash service and retain the case. Although an in forma pauperis plaintiff is responsible for providing the marshal with the proper address for service of process on a defendant, Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir. 1993) (per curiam), plaintiff did not do so here. The Court will direct the clerk to issue aliases summonses

Additionally, it is not clear from the complaint whether the individual referenced in the case caption, Bill Blaess, is an additional defendant. Pro se pleadings are to be liberally construed and are held to less stringent standards than those drafted by an attorney. Smith v. St. Bernards Regional Medical Ctr., 19 F.3d 1254, 1255 (8th Cir. 1994). Nevertheless, they must not be conclusory and must state specific facts which, when taken as true, state a claim as a matter of law. Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985); Johnson v. Stark, 717 F.2d 1550, 1552 (8th Cir. 1983) (citations omitted). Plaintiff is directed to amend his complaint to clarify whether the individual referenced in the caption is an additional defendant and to state with specificity the claims, if any,

asserted against him. Failure to do so will result in the dismissal of defendant Blaess from this case.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Central Transport and JWA, Inc.'s motion for a limited/special appearance to contest service of process, construed as a motion to dismiss for insufficiency of service of process, is **GRANTED.** (Doc. 11).

**IT IS FURTHER ORDERED** that plaintiff's motion for clerk's entry of default is **DENIED.** (Doc. 13.)

**IT IS FURTHER ORDERED** that the clerk of court shall issue an alias summons as to defendant Central Transport at its registered agent CT Corporation located at 120 South Central Avenue, Clayton, Missouri, 63105.

**IT IS FURTHER ORDERED** that plaintiff shall have until December 21, 2006 to file an amended complaint to clarify whether Bill Blaess, the individual referenced in the caption of his complaint, is an additional defendant and, if so, to state with specificity the claims against him. Failure to do so will result in the dismissal of defendant Blaess from this case.

**IT IS FURTHER ORDERED** that plaintiff shall also include in his amended complaint whether JWA, Inc. is the correctly named defendant and to provide a proper address for service of process on this defendant. Failure to do so will result in the dismissal of defendant JWA, Inc..

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 22nd day of November, 2006.