# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| MAJOR EUGENE REED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:06-CV-75 CAS |
| ) | |
| CENTRAL TRANSPORT INC., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court on plaintiff's pro se Motion to Vacate the Referral to Mediation. The motion was initially filed June 20, 2007, but was stricken from the record for procedural deficiencies. It was refiled on July 10, 2007. Plaintiff seeks to vacate the order referring this case to mediation, stating that "neither party feels [mediation] is necessary because [defendant] offered a settlement, and [plaintiff] didn't accept" the settlement offer.

Plaintiff did not participate in the preparation of the proposed joint scheduling plan as ordered by the Court in its order dated December 27, 2006. Plaintiff also did not participate in the Rule 16 telephone conference on January 26, 2007. In that telephone conference, counsel for defendant indicated that the case should be referred to alternative dispute resolution ("ADR").

Pursuant to the Case Management Order, this case was referred to ADR by order dated May 1, 2007. The parties were to have completed mediation by July 2, 2007. It appears from the record that the parties have not complied with any aspect of the Court's Order Referring Case to ADR. Lead counsel did not notify the clerk of the agreed choice of neutral, and the date, time and location of the initial ADR conference. The conference was to have concluded before July 2, 2007. Neither party sought to vacate the order referring the case to ADR until June 20, 2007.

Pursuant to Local Rule 6.02, if the parties agree that the referral to ADR has "no reasonable chance of being productive," the parties may jointly move the Court for an order vacating the ADR referral "prior to the selection of the neutral." E.D. Mo. L.R. 6.02(A)(3). Pursuant to this Court's Order dated May 1, 2007, the parties were to have selected a neutral by May 11, 2007. Neither party sought to vacate the order referring the case to ADR until June 20, 2007. In addition to being untimely, the only reason given by the parties for the motion to vacate the referral was that a settlement offer had been made and rejected. This statement falls short of suggesting that ADR has no reasonable chance of being productive.

**IT IS HEREBY ORDERED** that plaintiff's Motion to Vacate Referral to Mediation is **DENIED**. [Doc. 33]

**IT IS FURTHER ORDERED** that the parties shall participate in a telephonic hearing with the Court on **July 26, 2007, at 11:30 a.m.** to show cause why monetary sanctions should not be imposed against the parties for failure to comply with the Court's order referring the case to alternative dispute resolution. The call shall be initiated by defendant's counsel and the Court should be the last party connection (314-244-7480).

**Failure to appear by telephone on July 26, 2007, will result in the imposition of monetary sanctions against the parties.**

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __16th__ day of July, 2007.